J-S69001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH R. JACKSON | |
| Appellant | No. 176 EDA 2013 |

Appeal from the Judgment of Sentence January 7, 2013
In the Municipal Court of Philadelphia County
Criminal Division at No(s): MC-51-MD-0000109-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 11, 2014**

Appellee, the Commonwealth of Pennsylvania, has filed an application for post-submission communication, seeking to correct certain purported omissions in the certified record.  Appellant, Kenneth R. Jackson, has filed a motion to quash the Commonwealth's brief.  We deny relief on both motions.

On January 7, 2013, the Commonwealth moved for a finding of contempt against Appellant, claiming he failed to appear on two prior court dates.  That same day, the Municipal Court conducted a hearing where the Commonwealth submitted Appellant's arrest files.[1]  The court, however, did

---

[1] The Commonwealth claims it actually submitted Appellant's Quarter Sessions files.  To the extent Appellant argues otherwise, the Commonwealth insists Appellant relied on an unofficial version of the notes of testimony.  We emphasize, however, the official transcript included with

*(Footnote Continued Next Page)*

not expressly admit the files into evidence. Moreover, the files are not part of the certified record on appeal. Significantly, the Commonwealth offered no additional evidence at the hearing to support its contempt motion. Nevertheless, immediately following the hearing, the court convicted Appellant of summary contempt. Appellant timely filed a notice of appeal on January 9, 2013.

On November 20, 2014, the Commonwealth untimely filed its appellate brief. Also on November 20, 2014, the Commonwealth filed an application for post-submission communication. In it, the Commonwealth contends the certified record on appeal mistakenly failed to include the documents "entered into evidence" at the contempt hearing. The Commonwealth argues Appellant did not move to correct the record, and the Commonwealth did not discover the omission until it examined Appellant's brief. Consequently, the Commonwealth attached copies of the purportedly omitted documents to its application. On November 25, 2014, Appellant filed an answer to the Commonwealth's application for post-submission communication. That same day, Appellant also filed a motion to quash the Commonwealth's brief. Appellant asserts the Commonwealth filed its brief with this Court approximately two (2) months late. Moreover, Appellant complains the Commonwealth's application for post-submission

_(Footnote Continued)_ ————————

the certified record on appeal confirms the Commonwealth submitted arrest files rather than the Quarter Sessions files.

communication, "if allowed, would severely prejudice Appellant since he prepared his brief using the actual transcript and certified…record provided by the [trial] court." (Appellant's Motion to Quash Commonwealth's Brief, filed 11/25/14, at 2).

Instantly, the Commonwealth's application now submits to us copies of multiple documents pertaining to another case from a different docket number. Whether the trial court properly admitted them into evidence or considered them at the contempt hearing remains in question. Moreover, nothing indicates the documents were omitted from the record by oversight, error or mistake of court. *See* Pa.R.A.P. 1926 (explaining if anything material is omitted from record by error, breakdown in processes of court, or accident, or is misstated therein, omission or misstatement may be corrected by appellate court upon application or on its own initiative at any time). Because the Commonwealth failed to ensure the documents were properly marked and admitted as evidence in the contempt case and made part of the certified record on appeal, we deny the Commonwealth's belated post-submission application to include copies of those uncertified documents on appeal. We likewise deny Appellant's motion to quash the Commonwealth's brief as untimely.

Application for post-submission communication denied; motion to quash Commonwealth's brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2014